Judges, Officers, Proceedings, Sessions and Opinions

## OHIO SUPREME COURT
### WEEKLY LIST OF NEW CASES FILED
#### January 11

18311—The Cincinnati Oakland Motor Co. v. George R. Rutledge; motion for an order directing the Court of Appeals of Hamilton County to certify its record. H. G. Hightower, Cincinnati, for plaintiff; Jos. Harrison, Cincinnati, for defendant.

18312— Seymour Goodkind v. Florence Goodkind; motion for an order directing the Court of Appeals of Lucas county to certify its record. Cotter & McFellin, Toledo, for plaintiff; Southard, Raine & Williams, Toledo, for defendant.

18313—Edward Dague v. The Industrial Commission of Ohio; in Mandamus. Edward Dague (for himself), Columbus; C. C. Crabbe, Atty. Gen., Columbus, for defendant.

#### January 12

18314—The State of Ohio ex rel C. C. Crabbe, Attorney General of the State of Ohio, v. The Massillon Savings & Loan Co ; in Quo Warranto. C. C. Crabbe, Atty. Gen., W. E. Benoy and V. H Gibbs, Columbus, for plaintiff.

#### January 15

18315—L. V. Fritz et al v. Jacob H. Kreitzer, Executor; motion for an order directing the Court of Appeals of Preble county to certify its record. Stanley E. Mote, Greenville, for plaintiff; Hugh Gilmore, Eaton, for defendant.

#### January 16

18316—Alex Giunca v. The State of Ohio; motion for an order directing the Court of Appeals of Stark county to certify its record. V. S. Johnson, Canton, for plaintiff; Thos. M. M. Miller, City Solicitor, Canton, for defendant.

18317—Joseph Marriott et al v. Otis E. Hawk et al; motion for an order directing the Court of Appeals of Mahoning county to certify its record. W. L. Countryman, Youngstown, for plaintiff; John B. Morgan, Youngstown, for defendants.

18318—Ralph Hecker, as Inspector of Buildings of Cuyahoga Heights v. State of Ohio ex rel the City of Cleveland; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Locher, Green & Woods, Ceveland, for plaintiff; E. P. Westenhaver, Assistant Director of Law, Cleveland, for defendant.

18319—The State of Ohio ex rel Sanford Brown, Edward Ernst, Herbert French,. Frank Dinsmore, Alfred Mack, Arthur Morgan, Emil Pallak, Erwin Straehley and George Warrington, Directors of the University of Cincinnati, v. Charles E. Tuder, Director of Public Safety of the City of Cincinnati; in mandamus. Alfred Mack, Frank Dinsmore. and Sanford Brown, Cincinnati, for plaintiffs; Saul Zielonka, City Solicitor, Cincinnati, for defendant.

18320—Joseph T. Micklethwaite v. The City of Portsmouth, Ohio, William E. Cook, Director of Public Service of the City of Portsmouth, Ohio, and The Andrews Asphalt Paving Co.; motion for an order directing the Court of Appeals of Scioto county to certify its record. Jos. T. Micklethwaite and Miller & Searl, Portsmouth, for plaintiff.

## WEEKLY REPORT OF SUPREME COURT PROCEEDINGS

#### Tuesday, January 15, 1924
### GENERAL DOCKET

17863—F. W. Widmer v. State of Ohio; error to the Court of Appeals of Stark county. Judgment reversed. Marshall, C. J., Wanamaker, Robinson, Matthias and Allen, JJ., concur. Jones and Day, JJ., dissent. Filed Feb. 16, 1923.

17951—Herschell Norman v. State of Ohio; error to the Court of Appeals of Gallia county. Judgment affirmed. Marshall, C. J., Wanamaker, Robinson, Matthias and Allen, JJ., concur. Filed April 20, 1923.

18029—State of Ohio v. Mabel Champion; error to the Court of Appeals of Cuyahoga county. Judgment reversed. Marshall, C. J., Wanamaker, Day and Allen, JJ., concur. Filed June, 1923

### MOTION DOCKET

18226—Theodore May v. The State of Ohio. Motion for an order directing the Court of Appeals of Auglaize county to certify its record. Dismissed on application of plaintiff in error and at his costs. Filed Nov. 26, 1923.

## SYLLABI OF CASES DECIDED LAST WEEK
### No. 42

No. 17863—F. W. Widmer v. State of Ohio. Error to Court of Appeals of Stark county.

313. CRIMINAL LAW—Statutes are to be reasonably construed—Where meaning is clear, nothing for court to construe—Words "at a target," etc., in statute 12635 GC., as to shooting at a target, qualifies both shooting and firing either gun or pistol.

WANAMAKER, J.

1. Criminal statutes are strictly but reasonably construed in determining what offenses are included within them, and whether or not the essential facts stated in the charge constitute an offense under such statute.

2. Where such statute is clear as to its meaning, taking the entire context at its four corners, there is nothing for a court to construe.

3. Section 12635, General Code, by means of the words "at a target within the limits of a municipal corporation," qualifies both shooting and firing either gun or pistol.

Judgment reversed.

Marshall, C. J., Robinson, Matthias and Allen, JJ., concur. Jones and Day, JJ., dissent from proposition 3 of the syllabus and from the judgment.